IN THE CIRCUIT COURT IN AND
FOR PUTNAM COUNTY, FLORIDA

CASE NO.:
DIVISION:

JASON DRIGGERS and SABRINA
DRIGGERS, his wife,

   Plaintiffs,

-vs-

GEORGIA-PACIFIC CORPORATION,
a foreign corporation, and RAILSERVE,
INC., a foreign corporation,

   Defendants.
_____/

## COMPLAINT

Plaintiffs, JASON DRIGGERS and SABRINA DRIGGERS, his wife, sue the Defendants, GEORGIA-PACIFIC CORPORATION, and RAILSERVE, INC., and say:

### I. General Allegations Allegations Applicable to All Counts

1.   This is an action for damages in excess of One Hundred Thousand Dollars ($100,000.00), exclusive of interest and costs.

2.   Defendant, GEORGIA-PACIFIC CORPORATION, was at all times material hereto a foreign corporation authorized to do and doing business in Palatka, Putnam County, Florida, and in particular, was in the business of "railroading" within the meaning of Florida Statute 769.01.

3.   At all times pertinent, defendant, RAILSERVE, INC., was a Georgia corporation authorized to do business and doing business in the State of Florida, and in particular was in the business of "railroading" within the meaning of Florida Statute 769.01.

4.   On or about May 27, 1997, the Defendant, GEORGIA-PACIFIC CORPORATION, owned, maintained, constructed, serviced, operated and

otherwise supervised and controlled a railroad track and railhead site for the purposes of loading and unloading boxcars and railroad equipment in Palatka, Putnam County, Florida. The accident in question occurred at the area known as the "Kraft Loading Docks" on track 7, and at a place known by the defendants as "position number one (1)" which was under a covered roof and enclosed area requiring the use of lighting for adequate visibility.

5. On or about May, 27, 1997, defendant RAILSERVE was in the business of providing employees for the purposes of providing a rail switching service at the railhead and loading area described above in contract with other entities for the economic benefit of the corporations named herein.

6. On May 27, 1997, plaintiff, Jason Driggers, was employed by Railserve with the duty of supervising rail cars coming in and out of the area. While working in and upon the aforesaid loading dock, he was struck and injured by a 2 x 4, which was left on the track in a dangerous manner, despite the fact that the track area had been cleaned by employees of Georgia-Pacific within 24 hours of the accident in question due to an earlier accident on the tracks. Driggers could not see the 2 x 4 due to inadequate lighting at the area of the accident. As a result of being struck by the 2 x 4, he sustained the injuries and losses more particularly set forth below.

## II. COUNT I - As to GEORGIA PACIFIC

6. Plaintiff realleges paragraphs 1-5 above.

7. Prior to May 27, 1997, agents, servants and employees of defendant, Georgia Pacific knew that a hazardous condition at said loading docks and railhead existed in the form of inadequate lighting, uneven surfaces and a debris strewn work environment thereby posing a danger to the safety of workman and contractors using the area for the purposes of loading and unloading boxcars.

8. Despite said knowledge and despite the fact that the defendant had acknowledged that it would repair and improve the railhead and track unloading area, inclusive of the installation of adequate lighting, and despite the fact that the

defendant had cleaned the track just prior to the accident in question because of an earlier accident on the tracks and then given a "blue flag" clearance for work to resume safely, the railhead existed on the date of this accident in a unreasonably unsafe condition and unreasonably dangerous to persons in the position of the plaintiff herein due to the inadequate lighting and the presence of debris in the loading area, which posed a threat of injury to persons in the place of the plaintiff.

9. At all times pertinent, the defendant had a duty to use reasonable care for the safety of persons in the place of the plaintiff herein and in addition, pursuant to Florida Statute 769.01 and .02, to the extent any part of the injuries or actions complained of herein resulted in whole or in part from the negligence of a co-employee or fellow servant, then there is a presumption against that fellow servant of co-employee's employer having exorcised "all ordinary and reasonable care and diligence" so as to escape liability from the injuries to a co-employee or servant.

10. Defendant Georgia Pacific breached the duties owed to the plaintiff in this hazardous occupation and as a result of the actions set forth above, thereby causing the injuries and losses more particularly set forth below.

## II. COUNT II - as to RAILSERVE

11. Plaintiff realleges paragraphs 1-5 above.

12. Prior to May 27, 1997, agents, servants and employees of Railserve knew that the loading dock and track area adjacent thereto, posed an unreasonable risk of harm to its employees such as Jason Driggers and it had various meetings with Georgia Pacific advising it of the dangers in and around the track in question. Despite this knowledge, this defendant did nothing to enforce the promises of Georgia Pacific to install lighting and clean the track properly. In addition, its co-employees failed to warn Driggers of the dangers of resuming work on the track in question at the time of this accident.

13. Defendant Railserve had a non-delegable duty to provide its employees with a safe work place and to enforce safety requirements imposed upon Georgia

Pacific. To the extent that coemployees or fellow servants of the plaintiff in any way contributed to the accident herein, Railserve is responsible for their negligence under Florida Statute 769.02.

14. Defendant Railserve breached said duty by failing to enforce the agreement made by Georgia Pacific to install lighting and insure that the tracks and loading areas were free of debris.

15. As a consequence of said negligence and breach of responsibilities, the plaintiff suffered the injuries and losses more particularly set forth below.

## DAMAGES COMMON TO ALL COUNTS

16. As a result, Plaintiff, JASON DRIGGERS, has suffered the following damages which are continuing and permanent in nature:

   a. Bodily injury and resulting pain and suffering;

   b. Disability;

   c. Disfigurement;

   d. Mental anguish;

   e. Loss of capacity for the enjoyment of life;

   f. Aggravation of a pre-existing condition;

   g. Medical expenses incurred in the past and to be incurred in the future; and

   h. Loss of ability to earn money in the past and in the future.

17. At all times material hereto, Plaintiff, SABRINA DRIGGERS, was and is the lawful wife of the Plaintiff, JASON DRIGGERS.

18. As a direct and proximate result of the negligence aforesaid, the Plaintiff, SABRINA DRIGGERS, has been denied the care, comfort, society, attentions, services and consortium of her husband and said losses are permanent in nature and will continue in the future.

WHEREFORE, Plaintiffs, JASON DRIGGERS and SABRINA DRIGGERS, sue

the Defendants, GEORGIA-PACIFIC CORPORATION, and RAILSERVE, INC.. demanding judgment for damages, costs, trial by jury, and other relief as the Court deems just.

/s/ CHOBEE EBBETS

---

CHOBEE EBBETS, P. A.
Ebbets, Armstrong, Chamberlin & Traster
210 South Beach Street, Suite 200
Daytona Beach, Florida 32114
(904) 253-2288
Attorney for Plaintiff
Florida Bar Number 218294