FILED

00 AUG 10 PM 3:36

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON DRIGGERS and SABRINA
DRIGGERS, his wife,

    Plaintiffs,

vs.     CASE NO. 3:00-cv-837-J-20C

GEORGIA-PACIFIC CORPORATION,
a foreign corporation, and RAILSERVE,
INC., a foreign corporation,

    Defendants.

## ANSWER OF RAILSERVE, INC.

Defendant, Railserve, Inc. ("Railserve"), for answer to the complaint, says:

1. The allegations of paragraph 1 are admitted for jurisdictional purposes only. Otherwise, the allegations are denied.

2. Railserve is without direct knowledge concerning the allegations of paragraph 2 and, therefore, denies said allegations.

3. Railserve admits that it was doing business in the State of Florida but denies the remaining allegations of paragraph 3.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are admitted.

6. Railserve admits that the plaintiff, Jason Driggers, was employed by Railserve and that Driggers had supervisory duties at the place described on May 27, 1997. Railserve is without direct knowledge concerning the remaining allegations of paragraph 6 and, therefore, denies said allegations.

7

## COUNT I

6. With regard to the allegations of paragraph 6 which realleges paragraphs 1-5 Railserve reiterates and incorporates its previous responses to paragraphs 1-5.

7-10. With regard to the allegations of paragraphs 7-10, which comprise Count II of the complaint, said allegations assert no claim against Railserve and, therefore, Railserve makes no response thereto.

## COUNT II

11. With regard to the allegations of paragraph 11 which realleges paragraphs 1-5, Railserve reiterates and incorporates its previous responses to paragraphs 1-5.

12. The allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 are denied.

16. The allegations of paragraph 16 are denied.

17. Railserve is without direct knowledge concerning the allegations of paragraph 17 and, therefore, denies said allegations.

18. The allegations of paragraph 18 are denied.

19. All other allegations of the complaint are denied.

## AFFIRMATIVE DEFENSES

20. The plaintiff, Jason Driggers, as an employee of Railserve, was entitled to worker's compensation benefits under Chapter 440, *Fla. Stat.* and, in fact, did avail himself of such benefits by making a claim against Railserve under Chapter 440, *Fla. Stat.* which claim was prosecuted and concluded by a Judge of Industrial Claims. Said proceeding was captioned

2

Claim No. 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 and referenced the accident occurring on May 27, 1997. Therefore, the claim by the plaintiffs is barred by the provisions of §440.11, *Fla. Stat.*

21. The plaintiff, Jason Driggers, was himself negligent at the time and place alleged in the complaint and his negligence caused or contributed to causing the accident and damages of which he complains.

22. The proximate cause of the injuries and damages for which the plaintiffs complain, were caused by acts or omissions of third parties over which Railserve had no control.

23. In pursuing and concluding his claim under Chapter 440, *Fla. Stat.*, the plaintiff has made an election of remedies so that any claim he might otherwise have under §769.02, *Fla. Stat.*, is barred.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to Chobee Ebbets, Esquire, Ebbets, Armstrong, Chamberlin & Traster, 210 South Beach Street, Suite 200, Daytona Beach, Florida 32114 and to Thomas E. Bishop, Esquire, Holland & Knight, 50 North Laura Street, 39th Floor, Jacksonville, Florida 32202, this 10th day of August, 2000.

MARKS GRAY, P.A.

Victor M. Halbach, Jr.
Florida Bar No. 0094480
Post Office Box 447
Jacksonville, Florida 32201-0447
(904) 398-0900
Attorneys for Defendant, Railserve, Inc.