IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON DRIGGERS and
SANDRA DRIGGERS, his wife,

Plaintiffs,

CASE NO.: 3:00-CV-837-J-2

vs.

GEORGIA-PACIFIC CORPORATION,
a foreign corporation, and RAILSERVE,
INC., a foreign corporation,

Defendants.
_____/

### DEFENDANT GEORGIA-PACIFIC CORPORATION'S
### ANSWERS TO STANDARD ARBITRATION INTERROGATORIES

Defendant, Georgia-Pacific Corporation, a Georgia corporation ("Georgia-Pacific"), answers the Standard Arbitration Interrogatories as follows:

#### Defendant's Interrogatory #1

Described in detail all laws, acts having the force and effect of law, codes, regulations and legal principles, standards, and customs or usages, which you contend are applicable to the instant action.

**Response:** This action is pending in the United States District Court, Middle District of Florida, on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. As such, under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Florida law applies to the claims asserted by Plaintiffs. Under Florida law, Georgia-Pacific is cloaked with the immunity provided by the Workers' Compensation Law, Chapter 440 Florida Statutes, because Plaintiff Jason Driggers ("Driggers") was the borrowed servant of Georgia-Pacific at the time of the incident giving rise to this action. As a result, Plaintiffs claims are barred. Alternatively, Plaintiffs' claims are barred by the election of remedies doctrine. Finally, the comparative negligence of Driggers contributed in whole or in part to the injuries he sustained. As such, Plaintiffs claims are barred or proportionally reduced according to the Florida's Doctrine of Comparative Negligence.

44

## Defendant's Interrogatory #2

Furnish a detailed factual basis for the defenses you assert in your answer.

**Response:** Driggers' Complaint alleges that on May 27, 1997, he was injured while working in the course and scope of his employment with Railserve, Inc. ("Railserve") at a Georgia-Pacific facility in Palatka, Florida. There are several miles of railroad tracks within this facility, allowing Georgia-Pacific to load finished product onto rail cars at or near the place where they are manufactured and transport them to a rail head just outside the facility. Railserve contracted with Georgia-Pacific to conduct rail switching services at the facility. "Rail switching" simply means the movement of rails cars from point to point within the facility.

Driggers was employed by Railserve as part of a two-man crew that performed the rail switching under Georgia-Pacific's contract with Railserve. Driggers was permanently stationed at Georgia-Pacific's Palatka facility, and Georgia-Pacific exercised extensive control over Driggers's activities. Georgia-Pacific established an on-site office for Driggers' switching crew. Driggers and the crew reported to John Tanner, a Georgia-Pacific traffic manager/supervisor. Driggers received all rail car movement instructions from various Georgia-Pacific department heads, including Tanner. Once the initial movement instructions ordered by Georgia-Pacific personnel were completed, Driggers would return to the on-site office to stand by for any further instructions from Georgia-Pacific personnel as to any further rail switching services needed.

On the day of the incident described in the Complaint, a Georgia-Pacific supervisor named Kit Yoma instructed Driggers to move several rail cars to an area of the facility known as the Kraft Loading Docks. Driggers had previously complained of the alleged poor conditions at the Kraft Loading Docks. Nevertheless, Driggers was ordered to comply with Yoma's instructions and move the rail cars. While performing his job pursuant to Yoma's direction, Driggers allegedly was injured when he purportedly fell after being struck by debris on the track.

As a result of this incident, Driggers filed a workers' compensation claim for the same alleged injuries that are the basis for the instant suit. That claim was pursued by Driggers and ultimately settled. Driggers received a lump sum settlement that was approved by the judge of compensation claims.

Driggers qualifies as a borrowed servant of Georgia-Pacific at the time of the May 1997 incident. As such, workers' compensation immunity applies to Georgia-Pacific, and bars his claims. Alternatively, the election of remedies doctrine precludes Driggers' cause of action. Finally, the contributory negligence of Driggers contributed in whole or in part to his alleged injuries.

The First, Second, Fourth, Fifth and Sixth Affirmative Defenses are legal in nature and self-explanatory. The Third, Seventh, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses are supported by the facts listed above.

<u>Defendant's Interrogatory #3</u>

State to the best of your knowledge whether all proper parties have been joined, or if you contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state their full name, address and telephone number and describe in detail the basis of the alleged liability.

**Response:** **Georgia-Pacific believes that all proper parties have been joined, and submits that Plaintiff alone is liable for the injuries and damages that he suffered.**

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

Thomas E. Bishop
Florida Bar No. 0956236
Gregory Williamson
Florida Bar No. 0092990
Adrian G. Soud
Florida Bar No. 0175153
50 N. Laura Street, Ste. 3900
Jacksonville, FL 32202
(904) 353-2000
(904) 358-1872 (fax)
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on CHOBEE EBBETS, P.A., Ebbets, Armstrong, Chamberline & Traster, 210 South Beach Street, Suite 200, Daytona Beach, Florida 32214 by United States Mail, this 17 day of August, 2001.

Attorney

JAX1 #622435 v1

3