FILED

01 OCT 31 PM 3:47

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON DRIGGERS and
SANDRA DRIGGERS, his wife,

Plaintiffs,

CASE NO.: 3:00-CV-837-J-20TEM

vs.

GEORGIA-PACIFIC CORPORATION,
a foreign corporation, and RAILSERVE,
INC., a foreign corporation,

Defendants.
_____/

### GEORGIA-PACIFIC CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME FOR RESPONSE TIME SET FORTH IN LOCAL RULES BASED UPON GOOD CAUSE AND EXCUSABLE NEGLECT

Georgia-Pacific Corporation ("Georgia-Pacific") respectfully responds to Plaintiff's Motion to Extend Time For Response Time Set Forth in Local Rules Based Upon Good Cause and Excusable Neglect incorporating Memorandum of Law[1] ("Motion to Extend") as follows:

Plaintiff's Counsel raises a number of points concerning the mode of service in his Motion to Extend and accompanying affidavit. One of these points demands a response if the Court is to have all of the facts before it in ruling on the Motion to Extend. Specifically, at paragraph 5 of the affidavit, Counsel asserts:

> At sometime before October 26, 2001, presumably in July, a black notebook was sent to Plaintiff's Counsel's office. *The black 3 inch high "3 ring notebook" did*

---

[1] Plaintiff's document is captioned "Plaintiff's Reply to Defendant's Motion for Summary Judgment incorporating Motion to Extend Time For Response Time Set Forth in Local Rules Based Upon Good Cause and Excusable Neglect incorporating Memorandum of Law." Georgia-Pacific recognizes that the Local Rules prevent a reply, and thus this response is directed solely to that portion of Plaintiff's motion requesting an extension of time.

*not have an accompanying letter of any kind or have any identifying marks on the outside.*

(emphasis supplied). Plaintiff's Counsel correctly asserts that Georgia-Pacific's Motion for Summary Judgment and supporting papers were served in July 2001, and for convenience and ease of use, these items were contained within a three ring binder. The three ring binders used for this purpose have a clear plastic overlay on the front cover that permits documents to be inserted between the overlay and the actual cover of the binders. The notebook served on Plaintiff's Counsel in this case contained a copy of the cover letter to the District Judge explaining the contents of the notebook inserted in that overlay. An exact duplicate of the notebook served on the District Judge and the Plaintiff's Counsel is attached hereto as **Exhibit "A."**

The undersigned sympathizes with Plaintiff's Counsel's predicament, but takes issue with the notion that Georgia-Pacific did anything that increased the likelihood of such an error, or that was somehow inappropriate. The undersigned has used the same process for submitting summary judgment papers in both state and federal courts on a number of prior occasions, and has never been faced with allegations like those raised in the Motion to Extend. Other than to clarify this point of fact, Georgia-Pacific stands mute on whether Plaintiff should receive the relief he seeks in the Motion to Extend.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by Federal Express, this 31st day of October, 2001, to CHOBEE EBBETS, P.A., Ebbets, Armstrong, Chamberlin & Traster, 210 South Beach Street, Suite 200, Daytona Beach, Florida 32114.

                        Respectfully submitted,

                        HOLLAND & KNIGHT LLP

                        _____
                        Thomas E. Bishop
                        Florida Bar No. 0956236
                        Gregory Williamson
                        Florida Bar No. 0092990
                        50 N. Laura Street, Suite 3900
                        Jacksonville, Florida 32202
                        (904) 353-2000 (telephone)
                        (904) 358-1872 (facsimile)

                        Attorneys for Defendant
                        Georgia-Pacific Corporation

JAX1 #632954 v1

# ADDITIONAL ATTACHMENTS NOT SCANNED

\_\_\_\_\_ Exceeds scanner's page limit
\_\_\_\_\_ Physical exhibit prevents scanning
✓ Other: _Exhibits_

# **REFER TO COURT FILE**

Revised 8/6/99