IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2001 DEC 14  P 3: 58

CLERK, US DISTRICT COURT

JASON DRIGGERS and
SANDRA DRIGGERS, his wife,

Plaintiffs,

CASE NO.: 3:00-CV-837-J-20TJC

vs.

GEORGIA-PACIFIC CORPORATION,
a foreign corporation, and RAILSERVE,
INC., a foreign corporation,

Defendants.
_____/

**DEFENDANT GEORGIA-PACIFIC CORPORATION'S MOTION TO STRIKE THE
AFFIDAVIT OF PLAINTIFF JASON DRIGGERS FILED IN OPPOSITION TO
GEORGIA-PACIFIC'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, Defendant Georgia-Pacific Corporation ("Georgia-Pacific"), respectfully requests that the Court enter an Order striking the affidavit of Plaintiff Jason Driggers ("Driggers") filed in opposition to Georgia-Pacific's Motion for Summary Judgment ("the Affidavit"). In support thereof, Georgia-Pacific states as follows:

1. Georgia-Pacific filed and served its Motion for Summary Judgment on or about July 17, 2001.

2. Driggers filed and served his response in opposition to Georgia-Pacific's Motion for Summary Judgment on or about October 30, 2001. Without objection from Georgia-Pacific, the Court ruled at the Pre-Trial Conference held on or about November 27, 2001, that Driggers's response in opposition to Georgia-Pacific's Motion for Summary Judgment was to be considered timely filed.

3. At the same hearing, the Court denied Driggers's request for oral argument on the Motion for Summary Judgment, and informed the parties that the Court would rule on Monday, December 10, 2001.

4. On or about December 5, 2001, one week after the Pre-Trial Conference and just five days before the day the Court indicated it would issue its ruling on Georgia-Pacific's Motion for Summary Judgment, Driggers filed the Affidavit with the Court. Counsel for Georgia-Pacific first became aware of the Affidavit on or about December 12, 2001, and obtained a copy of the Affidavit the following day.

5. The Affidavit is improper and should be stricken because Driggers filed the Affidavit one week after the Pre-Trial Conference, during which the Court refused Driggers's request for a hearing and ruled that Driggers's response in opposition to Georgia-Pacific's Motion for Summary Judgment be considered timely filed.

6. Rule 56 (c), Federal Rules of Civil Procedure, allows, "The adverse party prior to the day of hearing may serve opposing affidavits." However, this Rule does not apply in the instant case because the Court refused Plaintiff's request for a hearing on the Motion. The proper time, if any, for the service of the Affidavit was no later than the Pre-Trial Conference, when the issue of the timeliness of Driggers's response was before the Court. Certainly, Driggers cannot file the Affidavit a week after the Pre-Trial Conference, and just five (5) days before the date the Court indicated it would rule on Georgia-Pacific's Motion for Summary Judgment.

WHEREFORE, Defendant Georgia-Pacific Corporation respectfully requests that the Court enter an Order striking the Affidavit of Plaintiff Jason Driggers filed in opposition to Defendant Georgia-Pacific's Motion for Summary.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: _____
Thomas E. Bishop
Florida Bar No. 0956236
Gregory Williamson
Florida Bar No. 0092990
Adrian G. Soud
Florida Bar No. 0175153
50 North Laura Street, 39th Floor
Jacksonville, FL 32202
(904) 353-2000
(904) 358-1872 (fax)

Attorneys for Defendant Georgia-Pacific Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by facsimile and U.S. Mail, this 14th day of December, 2001, to CHOBEE EBBETS, P.A., Ebbets, Armstrong, Chamberlin & Traster, 210 South Beach Street, Suite 200, Daytona Beach, Florida 32114.

_____
Attorney

JAX1 #639610 v1